NOTICE
Decision filed 06/07/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220661-U

NOS. 5-22-0661, 5-22-0662, 5-22-0663 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* FAITH S., HAVEN S., and AMELIA S., Minors | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Christian County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Nos. 17-JA-42, 17-JA-43 |
| v. | ) | 17-JA-44 |
| | ) | |
| | ) | |
| Lacsey S., | ) | Honorable |
| | ) | Jeffrey A. DeLong, |
| Respondent-Appellant). | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where evidence amply supported the circuit court's conclusions that respondent was an unfit parent and that her children's best interests required terminating her parental rights, and any argument to the contrary would lack merit, we grant respondent's appointed appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2    The State filed petitions alleging that respondent, Lacsey S., was unfit to parent her three daughters, Faith S., Haven S., and Amelia S.  Following hearings, the circuit court found that respondent was unfit and that it was in the children's best interest to be made wards of the court. Respondent appealed and the circuit court appointed counsel to represent her on appeal.

1

¶ 3    Respondent's appointed appellate counsel has concluded that there is no reasonably meritorious argument that the circuit court erred. Accordingly, he has filed a motion to withdraw as counsel on appeal and a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967); *In re S.M.*, 314 Ill. App. 3d 682, 685 (2000) (*Anders* procedure applies to findings of parental unfitness and termination of parental rights). Counsel notified respondent of his motion and this court has provided her ample opportunity to respond. However, she has not done so. Having read the record and counsel's memorandum, we agree that there is no issue that could support an appeal. Thus, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 4    Pursuant to Illinois Supreme Court Rule 311(a)(5) (eff. July 1, 2018), our decision in this case was due on or before March 2, 2023, absent good cause shown. Notice of appeal was filed on October 3, 2022. On November 30, 2022, respondent's attorney sought leave to withdraw because he had recently been elected as state's attorney for Christian County. This court granted counsel's motion and remanded the cause to the circuit court for the appointment of substitute counsel. On January 12, 2023, the circuit court appointed attorney William Farr to represent respondent on appeal. Farr filed his *Anders* motion on February 2, 2023, and his supporting memorandum on March 2, 2023. This court gave respondent until April 19, 2023, to respond to counsel's *Anders* motion. On April 19, 2023, respondent filed a motion requesting an extension of time to respond to counsel's motion to withdraw. She was given until May 29, 2023, to respond to counsel's motion but, as noted above, no response was forthcoming. We find there to be good cause for issuing our decision after March 2, 2023.

2

¶ 5                              BACKGROUND

¶ 6     At the fitness portion of the hearing, Jennifer Spracklin testified that she was formerly a caseworker for Kemmerer Village and was assigned to respondent's case. In August 2017, the children were placed in shelter care after respondent suffered a heroin overdose. Spracklin developed a service plan for respondent.

¶ 7     Respondent initially engaged in some services, but in August 2018 suffered a "relapse," when she tested positive for heroin and possibly cocaine. This resulted in her being sent to drug court and, ultimately, sentenced to 30 months' imprisonment.

¶ 8     After respondent was released in September 2019, she received a substance abuse assessment which recommended individual and group therapy. However, respondent never completed the recommended services. She was discharged from the program and "chose not to reengage in those services."

¶ 9     Respondent's service plan compliance was rated "unsatisfactory" throughout 2019 and 2020. Spracklin concluded that respondent had not made reasonable progress toward the goal of reunification between June 2020 and March 2021.

¶ 10    Michelle Quick took over as respondent's caseworker in May 2021. Respondent had not engaged in substance abuse treatment or mental health treatment since Quick took over the case. Moreover, respondent had stopped taking prescribed medication. Quick opined that respondent had not made satisfactory progress in any area except visitation.

¶ 11    The circuit court found respondent unfit and scheduled a best-interests hearing. There, Jeff Powers testified that he was the children's foster parent. He is respondent's father.

3

¶ 12    He had a "99 %" attachment to the girls. They had their own rooms, they went to school, and he provided them food and clothing. He was willing to continue to do so "to keep them from going to a home." He was willing to help the girls maintain a relationship with their mother.

¶ 13    Quick testified that the children were doing well in foster care. They were comfortable and their needs were being met.

¶ 14    Respondent testified that she did not have much of a bond with Faith, who was then 14 years old. Faith had "a lot of resentment" for which she largely blamed respondent. However, respondent communicated with Haven regularly through telephone messages and social media. A recent decrease in visitation to once monthly, partly due to COVID restrictions, had made maintaining a bond with her children difficult.

¶ 15    The court found that terminating respondent's parental rights was in the children's best interests. The court noted that they had been in foster care with their paternal grandfather for approximately five years, respondent admitted that she had very little bond with Faith, but that Powers was willing to facilitate respondent's relationship with her children.

¶ 16    Respondent appealed in each case. On our own motion, we consolidated the appeals.

¶ 17                                  ANALYSIS

¶ 18    Counsel concludes that there is no reasonably meritorious argument that the circuit court erred by finding respondent an unfit parent or terminating her parental rights. We agree.

¶ 19    To terminate a party's parental rights, a circuit court must make two separate and distinct findings: that the State has proven (1) that the parents are "unfit persons" within the meaning of section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2020)) and (2) that it is in the children's best interests to terminate that party's parental rights, to appoint a guardian, and to authorize that

guardian to consent to the children's adoption (705 ILCS 405/2-29(2) (West 2020)). *In re M.H.*, 2015 IL App (4th) 150397, ¶ 20.

¶ 20 Here, the court's finding that respondent was unfit was amply supported by the record. Spracklin and Quick testified that, after some initial progress, respondent had not engaged in services since her release from prison in 2019. She had been discharged from a drug-treatment program and did not "reengage." Indeed, respondent failed to comply with any service-plan directives other than visitation.

¶ 21 Similarly, the court's finding that termination of parental rights was in the children's best interests was supported by the evidence. Their foster parent was their maternal grandfather. They had been living with him for five years at the time of the hearing. He was providing for their needs, was willing to continue to do so, and was willing to facilitate a relationship with their mother.

¶ 22                                          CONCLUSION

¶ 23 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.


¶ 24 Motion granted; judgment affirmed.